ANTHONY SHOALS POWER COMPANY *v.* BARNETT, tax-collector.

GILBERT, J. 1. Section 6 of the act approved August 14, 1913 (Georgia Laws 1913, pp. 123 et seq.), is not contrary to the due-process clause of the constitution of the United States (Civil Code (1910), § 6700), said section providing for immediate notice to the taxpayer of any change made in his returns. *Barnes* v. *Watson*, 148 *Ga.* 822 (2) (98 S. E. 500); *Ogletree* v. *Woodward*, 150 *Ga.* 691, 697 (105 S. E. 243); *McGregor* v. *Hogan*, 153 *Ga.* 473 (112 S. E. 471).

2. Under the undisputed evidence, no demand or request for arbitration was made by the taxpayer after the change was made by the county board of assessors.

3. A verbal statement that arbitration will be demanded if the board of assessors insist upon their valuation, and naming an arbitrator, is not the equivalent of a demand for arbitration.

4. In view of the above-stated undisputed facts and the evidence before the court, it was not error for the trial judge to direct a verdict for the defendant.          *Judgment affirmed. All the Justices concur.*

No. 3060. OCTOBER 11, 1922.

Petition for injunction. Before Judge Shurley. Wilkes superior court. January 25, 1922.

Anthony Shoals Power Company filed a petition against A. C. Barnett, tax-collector, alleging in substance as follows: It owned a tract of land of about 2500 acres in Wilkes County, which it returned for taxation at a valuation of $17,479. The "local board of county assessors" notified said company that after a careful scrutiny of the tax returns of the county the board had found said valuation too low, and had valued and assessed the property for the year at $34,550 for land, and $15,000 for waterpower; total $49,550.00; and if not satisfied, to meet the board on June 26, 1920. The company met the local board of assessors on the date named, and on the hearing the board announced that it would insist upon the valuation and assessment. Petitioner asked for an arbitration, and selected Wm. A. Slaton as its arbitrator, who then and there accepted the appointment. Without any notice the local board made the following assessment: "Lands, 3445 acres, $49,550.00." Said action was contrary to the terms of the law under which they acted. The company had no notice that such an assessment and valuation was contemplated, or that it had been made. Such action was "contrary to the provisions of the constitution of the U. S., that the rights and property of no citizen can be taken from them except by due process of law." Petitioner, before filing this suit, tendered to the tax-collector the

amount it admitted to be due for taxes. The tax-collector issued an execution against petitioner for $1100, being the amount claimed to be due upon the assessment illegally made. The prayers were, for an injunction against the levy of the execution and the collection of the amount thereof; and for process.

The defendant denied that the assessment was illegal, that there was any failure to give the notice required by law, and that petitioner demanded arbitration. He admitted the issuance of the tax fi. fa.; and insisted that " the valuation of plaintiff's property was fixed at $49,550, after a full investigation and notice, which plaintiff received." He alleged that in making the correction in the tax return the board gave immediate notice thereof, which plaintiff received; and that plaintiff did not demand any arbitration on the corrected returns.

Evidence was introduced, and the jury returned a verdict for the defendant. The plaintiff excepted.

*Colley & Colley,* for plaintiff. *C. E. Sutton,* for defendant.